JOHN W. FROST ET AL., appellants, *v.* JOSEPH O'NEIL, respondents.

REMEDY ON APPEAL.— The proper remedy on appeal from a final decision of non-suit is by a statement on appeal in accordance with sec. 419 of Code of Civil Procedure.

A bill of exceptions, to become part of a judgment roll, and entitle it to the consideration of an appellate court, should be taken during the trial and before the final decision.

*Kleinschmidt et al.* v. *McAndrews et al.* 4 Mont. p. 8, considered and applied.

*Appeal from Third District, Lewis and Clarke County.*

H. R. COMLY and SHOBER & LOWREY, for appellants.

The appellants rely upon the following points for a reversal of the judgment in this case:

1. The court erred in refusing to permit Geo. Foote and O. B. Totten to testify concerning the usages, customs and regulations in force in the county or district in which the property in controversy was situate. In actions respecting mining claims, proof must be admitted of the customs, usages and regulations established and in force at the bar or diggings embracing such claim. When not in conflict with the laws of this territory, such customs, usages and regulations must govern. See sec. 363, p. 3, R. S. of Montana Territory; sec. 2394, R. S. of the United States. The miners of each mining district may make regulations not in conflict with the laws of the United States, or with the laws of the state or territory

in which the district is situate. The evidence sought to be introduced was calculated to show that the appellants had complied with the customs and usages of miners in relation to placer mine locations in the county of Lewis and Clarke, Montana territory. The place where the ground in controversy is situate, said county of Lewis and Clarke, being in fact the district in which said disputed claim was and is situate. See Transcript, pp. 18–21, inclusive.

2. The court erred in refusing to permit appellants to introduce in evidence the record of their location of the mining ground in controversy. See Record, Transcript, pp. 22–24, in bill of exceptions. It is the universal custom of the miners throughout the territory to record the notices of their location of placer mining claims, previous to application to enter the same, with the county recorders of the respective counties in which claims may be located.

3. Claims, usually called placer claims, including all forms of deposit, excepting quartz or other rock in place, shall be subject to entry and patent, under like circumstances and conditions, and upon similar proceedings as are provided for vein or lode claims. See sec. 2329, R. S. of U. S.

4. It is admitted by the answer of defendants, that plaintiffs filed their adverse claim as prescribed by law, and within the time by law required. See complaint and answer in record.

5. The evidence shows that on the 12th of February, 1880, the whole of the ground claimed by plaintiffs, and embracing the land in controversy, was vacant and unclaimed mineral land of the United States, and that on the 12th of February, 1880, they had the same surveyed and the boundaries thereof plainly marked, so that the boundaries thereof could be easily traced. See Transcript, pp. 11 and 12. And that at the time plaintiffs marked out and established the boundaries of said land

there were no marks, stakes or mounds indicating that any one claimed any of said land. See Record, p. 13.

6. The answer admits that plaintiffs are in the possession (actual) of a portion of the premises in controversy. See answer of defendants, Record, p. 8.

7. It is not denied but that the defendants' application to enter said land was made after plaintiffs had established the boundaries of their claim, including the ground in controversy. And there was no evidence showing that at the time plaintiffs took possession of the lands in controversy there were any marks indicating that any person claimed the same or any portion thereof. But the evidence does show that the first boundaries marked and established to the premises in dispute were by plaintiffs. See Transcript, pp. 11–13, inclusive.

The plaintiffs, as shown by the evidence, took possession of the land in controversy in February, 1880, and then plainly established the corners and marked the exterior limits thereof, so that the boundaries could be easily traced, and made valuable improvements thereon, and continuously remained in the actual possession. Subsequently thereto, and while plaintiffs were in the actual possession thereof, the defendants, in March, 1880, had the land surveyed, and applied to enter the same. Could the defendants, by such acts, oust the plaintiffs of their actual possession or deprive the plaintiffs of their prior acquired rights thereto, or defeat them from maintaining their right of possession? We maintain they could not, independent of any record or custom of miners.

This is an action under the laws of congress to determine the right of possession under a special law. The evidence shows the plaintiffs are in possession and were the first to possess the same, and it is admitted by the pleadings that the land in controversy is mineral land, and both parties claim it as such. There is no law declaring that the person first applying for a patent shall have any advantage over any other person filing an ad-

verse claim. The case of *Moxon* v. *Wilkinson* is not in point. In that case the evidence showed that appellants never made any mining improvements until after respondent had made application to enter the same, and after suit instituted by appellants in said cause. The court there held that the testimony offered by appellants was inconsistent with the title by appellants sought to be maintained. See 2 Mont. 425.

The courts will not sustain a trespass upon land in the possession of another merely because he has taken the initiative to pre-empt or to acquire title from the government. On the contrary, the party in possession, or who is entitled to the possession, alone is entitled to acquire the said title. *Artherton* v. *Fowler,* 6 Otto, 513; *Hosmer* v. *Wallace,* 7 Otto, 575.

E. W. TOOLE and SANDERS & CULLEN, for respondents.

1. The judgment of non-suit in this case was entered on the 26th day of May, A. D. 1881, and the bill of exceptions thereto appears to have been taken on the 30th day of May following. A bill of exceptions, to become a part of the judgment roll, must be taken before the rendering of the verdict or decision in the case. Sec. 279, Code of Civil Procedure.

The testimony included in the record in this case is embraced in the so-called bill of exceptions; no statement on appeal having ever been made in said cause. The bill of exceptions so taken, not being a part of the judgment roll, the court cannot consider such testimony on this appeal.

2. But if the court is disposed to consider the propositions raised by the testimony in said bill of exceptions, then we submit:

*First.* The record in the case upon which appellants base their claim to the premises in controversy, as well as to the other portions of their said claim, in connection with the testimony shows the undisputed fact to be that

there was embraced within the limits of the ground described a dump and road site, which was not subject to entry, by reason of which there was no identification of any claim which appellants were entitled to enter under the laws of the United States. See R. S. sec. 2324. It is therefore void for uncertainty, as it puts it in such shape that it may be floated to the extent at least of the dump and road site, whatever that may be. *Gleason* v. *Martin White Co.* 13 Nev. 442, 446–7.

*Second.* Because the location, embracing a large quantity of land which was not the subject of location, rendered it uncertain, so that its boundaries could not be traced either readily or at all, by reason of which the location is void. *Table Mountain Tunnel Co.* v. *Stranahan,* 20 Cal. 210.

*Third.* The location referred to in sec. 2324, United States Revised Statutes, must be construed with reference to the character and quantity which can be taken up under that section. In this view of the case there has been no location made of any land which might be properly located by appellants, "by distinctly marking it out upon the ground, so that its boundaries can be readily traced," and this fact was disclosed by the uncontradicted testimony of appellants.

*Fourth.* The testimony shows that there was and is in controversy in this case four acres and a fraction only of the land claimed by appellants, and there was no evidence to determine the *locus in quo,* or to so identify it as to form the basis of a verdict of the jury or upon which the court could render judgment.

*Fifth.* This case falls within the rule established in *Moxon* v. *Wilkinson,* 2 Mont. 421, in every particular.

*Sixth.* The section of the statutes referred to by appellants, sec. 363 of the Code of Civil Procedure, refers to bars or diggings and to customs, etc., there established, and does not apply to such locations as the one sought to be made in the case at bar.

There is nothing in the point that the evidence embraced in the record should not be considered.

1. During the trial the first exception was taken upon the refusal of the court to permit certain testimony. See Record, p. 21.

2. The second exception was taken during the progress of the trial to the introduction of the record of plaintiff. See Record, p. 22.

3. And there the record contains the following: "And the foregoing was substantially the proceedings in the case." See Record, p. 25.

4. And the appellants, upon the granting of the nonsuit, presented their statement and bill of exceptions, which was signed, sealed and made a part of the record of the case. See Record, p. 29.

5. The main question presented for consideration is this: "After 'A' has appropriated a piece of unoccupied and vacant placer mining ground, by plainly defining the boundaries thereof, and entering into the actual possession of the same, and making in good faith valuable improvements thereon, can 'B' obtain a deputy mineral surveyor, and survey the same ground or any portion thereof thereafter, and because he, 'B,' makes the first application to the land office for patent thereto, destroy all right that 'A' acquired, and defeat any action 'A' may commence, after filing his adverse claim, to determine the right of possession?" We think not.

GALBRAITH, J.    This is an appeal from a judgment of non-suit, in an action to quiet title.

Upon examination of the record before us, we find that it purports to be a statement and bill of exceptions. There does not appear to have been at any time an exception taken to the order sustaining the motion for a nonsuit, as provided in sec. 279 of the Code of Civil Practice,

which is the only kind of specific exception recognized in our practice.

A statement of the pleadings, evidence, motion for non-suit, order sustaining the same, and judgment thereon, and what purports to be a "statement and bill of exceptions," was presented to and signed by the judge as correct, four days after the trial. But this is not an exception as provided by law. The only exception appearing in the record is an exception to the action of the court in sustaining an objection to the admission of the declaratory statement in evidence.

But this exception is defective, if in no other particular, in that it does not designate the point of the objection.

But we have already held, in the case of *Kleinschmidt et al.* v. *McAndrews et al.*, which was affirmed upon the rehearing in an opinion rendered at this term, that the only proper method of bringing up a judgment on a non-suit for review is by statement on appeal. There is no such statement before us in the record. Sec. 419 of the Code of Civil Procedure.

In addition to the reasons advanced in the opinion referred to, we will add the brief one which follows: Section 279 of the Code of Civil Procedure defines an exception to be "an objection taken at the trial to a decision upon a matter of law, . . . . from the calling of a case for trial to the rendition of the verdict or decision."

The section following, 280, provides what "are deemed to have been excepted to," among which is enumerated "the final decision in an action or proceeding."

The order of court sustaining the motion for a non-suit is certainly the "final decision in the action."

Sections 281, 282 and 816 provide the method for preparing an exception, and what it shall contain. And when so prepared, it is called a bill of exceptions. Certainly the language employed in sections 281, 282 and 816 is only applicable to an exception as defined in sec. 297, and

not the phrase "are deemed to be excepted to," used in sec. 280.

The code provides three methods for bringing evidence before this court: 1st, in a bill of exceptions, as provided in the foregoing sections; 2d, by a statement on motion for a new trial; 3d, by statement on appeal.

These three methods are fully adequate for the purposes for which they were intended. They afford a plain, easy and safe guide in all cases.

Being provided by the law-making power, we think also the maxim applies, "*expressio unius, exclusio alterius.*"

The order sustaining the motion for a non-suit being, as we have noticed, the "final decision," it is "deemed to have been excepted to," as provided in sec. 280, and an exception, as provided in sec. 279, cannot be taken thereto.

Therefore the evidence upon which it is ordered cannot come before this court in a bill of exceptions. As we have seen in the case of *Kleinschmidt et al.* v. *McAndrews et al.*, a motion for a new trial is not necessary. Nor, indeed, could there be a motion for a new trial on the evidence already in the case, for a trial as provided by the code never was had when the court grants a non-suit.

Therefore the evidence cannot come before us in a statement on a motion for a new trial The only remaining means provided by the code is by a statement on appeal, which we hold to be the proper method for bringing up the evidence upon which the court below has ordered a non-suit.

Judgment affirmed, with costs.

*Judgment affirmed.*